# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO.: 5:10-cv-90

| | |
|---|---|
| KONTANE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| vs. ) | AND ORDER |
| ) | |
| MARK BANISH, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Judgment on the Pleadings (Doc. # 8) filed November 4, 2010. The parties have filed responsive memoranda and this matter is now ripe for disposition. For the reasons stated below, Defendant's motion is DENIED.

## I. BACKGROUND

Plaintiff Kontane, Inc. ("Kontane") is a North Carolina corporation engaged in the business of warehousing, consolidation, and export packaging of heavy-duty truck parts for clients in the Southeast and around the world. Defendant Mark Banish ("Banish") served as President of Kontane's Logistics Division from August 1996 through May 2009. Prior to beginning his employment with Kontane, Banish signed an employment agreement ("Employment Agreement") that contained a noncompete provision and a covenant not to disclose confidential information. It is that noncompete provision and covenant not to disclose confidential information that form the basis of this dispute.

1

The noncompete provision states that for a period of three years after his employment with Kontane ends, Banish:

> Shall not, directly or indirectly, without the Company's prior, express and written consent, by himself or on behalf of or in conjunction with any other person: . . . Compete with the Company.
>
> As used herein, the term "Compete" shall mean directly or indirectly [within the States of North Carolina, South Carolina, Georgia, and Virginia] . . . (i) engage in the Business; (ii) assist any Person (through employment, or otherwise) to engage in the Business; (iii) own any interest in or organize a business which engages in the Business. . . .
>
> As used herein, the term "Business" shall mean the business of owning, operation, planning and/or developing the warehousing, consolidation or exporting heavy duty truck parts of any kind, whether as owner-operator or otherwise.

Compl. ¶¶ 10-11.

> The covenant not to disclose confidential information contains the following language:
>
> a. He shall not, directly or indirectly use, reveal or allow to be revealed any aspect of the Confidential Information to any person, firm, partnership, trust, corporation or other association (whether governmental or private) except as expressly authorized by Plaintiff or required by law; and
>
> b. He shall refrain from any action or conduct which might reasonably or foreseeably be expected to compromise the confidentiality or proprietary information

*Id.* at ¶ 7.

As alleged in the Complaint, while employed as Kontane's President, Banish "became intimately acquainted" with, among other things, Kontane's customers, business structure, financial information, pricing information, and the territory where Plaintiff operated its business. Kontane also "provided Defendant specialized training and information regarding the warehousing, consolidation, and export packaging of heavy duty truck parts." Compl. at ¶ 8. According to Kontane's Complaint, Banish worked closely with one of Kontane's long-time customers, Daimler Trucks North America ("DTNA"). *Id.* at ¶ 18.

2

Banish was terminated by Kontane on May 4, 2009, and in April 2010, Banish began working as the Chief Logistics Officer for Coastal Logistics Group, Inc., at its headquarters in Savannah, Georgia. Compl. ¶¶ 4, 16. In June 2010, DTNA was approached by a representative of Kuehne + Nagel (a company that works in international shipping and logistics). The Kuehne + Nagel representative solicited business from DTNA which Kontane had been performing for DTNA for many years, that is, the disassembly and packaging of heavy duty truck parts for overseas shipment. *Id.* at ¶¶ 17, 20. The Kuehne + Nagel representative informed DTNA that this work would be performed with Coastal Logistics Group under the direction of Mark Banish. *Id.* at ¶ 19. After Kontane learned of the allegations of Banish's involvement in the solicitation of DTNA business, the present suit was commenced for alleged violation of the restrictions contained in the Employment Agreement.

## II. LEGAL STANDARD

"On a motion for judgment on the pleadings made pursuant to Rule 12(c), only the pleadings are considered." *A.S. Abell Co. v. Balt Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964). In considering a Rule 12(c) motion, the court "appl[ies] the same standard . . . as for motions made pursuant to Rule 12(b)(6)." *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). (citations omitted). "To survive a Rule 12(b)(6) motion, a complaint's 'factual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Demetry v. Lasko Prod. Inc.*, 284 Fed. Appx. 14, 15 (4th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-57, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A Rule 12(c) motion should only be granted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a

matter of law." *Park Univ. Enters. v. Am. Ca. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). When the court considers a motion for judgment on the pleadings, it should "construe the facts and reasonable inferences . . . in the light most favorable to the [nonmoving party]." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To that end, "[t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *John S. Clark. Co., Inc. v. United National Ins. Co.*, 304 F. Supp. 2d 758, 763 (M.D.N.C. 2004) (citing 5A Charles A. Wright and Arthur R. Miller*, Federal Practice and Procedure* § 1368 at 520 (2d ed. 1990). Ultimately, "a [movant] may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff." *BET Plant Svcs., Inc. v. W.D. Robinson Electric Co., Inc.*, 941 F. Supp. 54, 55 (D.S.C. 1996).

### III. DISCUSSION

Banish asks this court to grant his motion for judgment on the pleadings for two reasons. First, Banish argues that Kontane's Complaint does not provide sufficient factual detail, as is required by *Iqbal* and *Twombly*, to support a claim for breach of a covenant not to disclose confidential information. Second, Banish contends that the noncompete provision in the Employment Agreement is not limited to protecting Kontane's legitimate business interests and is overbroad as to time and territory.

*A.     The Covenant Not to Disclose Confidential Information*

Banish first contends that Kontane's Complaint fails to plead a claim for breach of the covenant not to disclose confidential information. More specifically, Banish maintains that Kontane's claim regarding the disclosure of confidential information must be dismissed because

4

it does not meet the pleading burden outlined in *Iqbal* and *Twombly*. Banish argues that Kontane does not allege any specific facts establishing a right to recovery. Instead, Banish argues, Kontane merely alleges upon information and belief that confidential and proprietary information was disclosed. Banish takes issue with Kontane's failure to specify the nature of the information allegedly disclosed, to whom it was disclosed, how it was disclosed, or when it was disclosed. Banish asserts that Kontane cannot state a claim by merely stating, upon information and belief, that "confidential information was disclosed."

Contrary to Banish's contention, Kontane's Complaint does allege a claim for breach of the covenant not to disclose confidential information. In its Complaint, Kontane alleges that "[u]pon information and belief, Defendant has provided Kuehne + Nagel and/or Coastal Logistics Group, Inc. Plaintiff's confidential and proprietary information in an effort to assist Kuehne + Nagel and/or Coastal Logistics Group, Inc., in soliciting Business . . . from Plaintiff's current clients." Compl. at ¶ 21. North Carolina courts have upheld covenants not to disclose confidential information regardless of the limitations on time and area if the employer can show that such a restriction "protects a legitimate business interest of the promisee." *Chemimetals Processing, Inc.*, 476 S.E.2d at 376-77 (discussing cases that find a confidentiality agreement is not in restraint of trade if it "seeks to prevent the disclosure or use of confidential information.").

At this stage of the litigation, the Complaint sets out sufficient factual allegations of Banish's alleged breach of the confidentiality covenant. Kontane contends that the covenant not to disclose confidential information protects a legitimate business interest, namely, retaining long-time clients that Banish developed relationships with during his employment with Kontane and preventing Banish's use of confidential information to lure away such clients. According to the Complaint, Kontane has had a business relationship with DTNA since 2004, and Banish

5

"was intimately involved with the services Plaintiff provided to DTNA." Compl. at ¶¶ 17-18. The Complaint further alleges that Banish, while working for Coastal Logistics Group, Inc. in Savannah, Georgia, assisted a representative of Kuehne + Nagel in soliciting business that Plaintiff was performing for DTNA. The Complaint alleges, upon information and belief, that this solicitation involved Banish's use of confidential and proprietary information obtained by Banish while employed by Kontane. While not alleging every detail of the purported disclosure, the Complaint's factual allegations are "enough to raise a right to relief above the speculative level" and contain "enough facts to state a claim to relief that is plausible on its face." *Demetry v. Lasko Prod. Inc.*, 284 Fed. Appx. 14, 15 (4th Cir. 2008)

As the standard of review for a Rule 12(c) motion requires that the allegations of a well-pleaded complaint must be accepted as true, Plaintiff has made a sufficient case for breach of the confidentiality covenant and is entitled to develop additional factual evidence to support its claim.

### B. *The Covenant Not to Compete*

The court now turns to Banish's contention that he is entitled to judgment on the pleadings regarding Kontane's claim for breach of the noncompete provision. Banish argues that the pleadings establish that the noncompete provision ins unenforceable. In order for a covenant not to compete to be valid and enforceable, the covenant at issue must be "(1) in writing, (2) part of the contract of employment or sale of the business, (3) based on valuable consideration, (4) reasonably necessary for the protection of the promisee's legitimate business interest, and (5) reasonable as to time and territory." *Chemimetals Processing, Inc. v. McEneny*, 476 S.E.2d 374, 376 (1996) (citing *Professional Liab. Consultants v. Todd*, 468 S.E.2d 578, 580 (1996).

Banish does not challenge the first three elements of the covenants at issue. There is no dispute that the Employment Agreement is in writing, and was part of Banish's contract for employment. Further, Banish has not argued that the Employment Agreement was not supported by valuable consideration. Banish does, however, challenge the fourth and fifth elements – arguing that the noncompete provision does not protect Kontane's legitimate business interest and is unreasonable as to time and territory.

Banish contends that the noncompete is unenforceable because: (1) the scope of the activities covered by the noncompete is overbroad; (2) the geographic territory is overbroad; and (3) the length of the noncompete provision is overbroad. Kontane recognizes that it ultimately carries the burden of proving the enforceability of the noncompete provision and to that end, there are facts that must be established to support the allegations of the Complaint. Kontane contends that this is properly done through discovery. Kontane points out that at this stage of the litigation, Banish has the burden of showing that Kontane's Complaint fails to state a claim as a matter of law. Accordingly, Kontane contends that the noncompete provision is enforceable or, at the very least, Kontane contends that there are genuine issues regarding the noncompete's enforceability which make a Rule 12(c) judgment on the pleadings inappropriate. For the reasons stated below, this court agrees with Kontane.

At this stage of the litigation, this Court finds that determining whether the noncompete provision is an unreasonable restriction and therefore unenforceable requires a more fully developed record. In order to properly state a claim for relief, Plaintiff must allege the existence of a noncompete agreement and facts making it plausible that the Defendant has breached the noncompete agreement. *See e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-57, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). This court finds that Kontane has met this standard. Plaintiff has

7

alleged the existence of a written noncompete agreement between Kontane and Banish executed under circumstances free of duress. Further, Kontane has alleged circumstances making it plausible that Banish did breach the noncompete by working "directly or indirectly" with Kuhene + Nagel to solicit business from DTNA, a customer of Kontane.

North Carolina case law makes clear that evaluating the reasonableness of a noncompete provision is a fact-specific inquiry that requires a court to examine the scope of the activities prohibited, the territory restricted, and the time length of the restriction. A noncompete provision must be "designed to protect a legitimate business interest of the employer." *Young v. Mastrom, Inc.*, 392 S.E.2d 446, 448 (1990) (citation and quotation omitted). When, as in the present case, the plaintiff is concerned about the knowledge Defendant developed regarding its clients and their locations during his employment with the plaintiff, "the territory should only be limited to areas in which the employee made contacts during the period of his employment." *Manpower of Guilford County, Inc. v. Hedgecock*, 257 S.E.2d 109, 114-15 (1979). "A territorial restriction is reasonable only to the extent it protects the legitimate interests of the employer in maintaining its customers." *Asheboro Paper*, 599 F. Supp. 2d at 672. An employer must demonstrate that the territory embraced by the covenant is no greater than necessary to secure protection of its business or goodwill. *A.E.P. Indus., Inc. v. McClure*, 302 S.E.2d 754, 763 (1983). In evaluating the reasonableness as to time and territory restrictions, we must consider each element in tandem–the two requirements are not independent and unrelated. *Farr Assocs. v. Baskin*, 530 S.E.2d 878, 881 (N.C. Ct. App. 2000).

This Court can find no North Carolina authority that requires the party seeking to enforce a noncompete provision to plead the existence of customers in a certain area or set out detailed factual allegations in the complaint regarding specific business interests in order to survive a

8

motion to dismiss or motion for judgment on the pleadings. There may indeed be an instance where a noncompete provision is so unreasonable that a court could find it unenforceable before permitting Plaintiff to develop evidence showing the existence of customers and articulating legitimate business interests supporting the need for such an agreement. This is not such a case. Accordingly, the Court finds that the record requires additional factual development to properly assess the reasonableness of the challenged noncompete, and denies Defendant's motion for judgment on the pleadings.

## IV. CONCLUSION

The Court finds that Plaintiff has sufficiently stated claims for: (1) breach of the covenant not to disclose confidential information; and (2) breach of the noncompete provision. The Court finds that the pleadings, as they currently stand, fail to provide sufficient context for the court to make the fact-specific inquiry that is necessary to determine the reasonableness of the noncompete. **THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. #8) is **DENIED.**

Signed: August 29, 2011

Richard L. Voorhees
United States District Judge